ORIGINAL

FILED
NOV 1 3 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| L-3 COMMUNICATIONS CORP.<br>Plaintiff,<br>v.<br>UNITED STATES<br>Defendant. | No. 06-762 C<br>Judge: |

FILED UNDER SEAL

**COMPLAINT FOR DECLARATORY JUDGMENT, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

COMES NOW Plaintiff, L-3 Communications Corporation, Link Simulation & Training Division ("L-3"), through its undersigned counsel, and files this Complaint for Declaratory Judgment, Temporary Restraining Order, Preliminary and Permanent Injunctive Relief against the United States Department of the Interior, GovWorks, ("GovWorks" or Agency), and respectfully stating to this Honorable Court as follows:[1]

**Nature of the Action**

1. This is an action for declaratory and injunctive relief pursuant to the Tucker Act, 28 U.S.C. § 1491(b)(1).

2. This action seeks the review of GovWorks' conduct of a procurement for Joint Terminal Attack Controller Training and Rehearsal System ("JTAC TRS") Engineering

[1] L-3 has also filed a redacted version of this Complaint. Information that is censored in the redacted version is contained in brackets [ ].

and Design Support, pursuant to Request for Proposals ("RFP") Number 1406-04-06-RP-60246, concerning GovWorks' Determination and Findings ("D&F") To Support Continued Contract Performance Notwithstanding a Protest to GAO, in which GovWorks issued a written finding in accordance with FAR 33.104(c)(2)(i) that "performance of the contract at issue is in the best interests of the United States."

3. GovWorks' actions were arbitrary and capricious, without a rational basis, and contrary to applicable statutes and regulations.

4. GovWorks' improper actions have directly harmed L3, an offeror under the RFP at issue.

5. L-3 seeks preliminary and permanent injunctive relief to restrain (or preclude) GovWorks from permitting Lockheed Martin Services Inc. ("Lockheed Martin") to commence with or continue performance pursuant to the contract awarded to Lockheed Martin under the instant RFP and/or a declaration that GovWorks' decision to override the stay is invalid.

## Jurisdiction

6. This Court has original jurisdiction to review an agency's decision to override a stay pursuant to 28 U.S.C. §1491(b)(1).

**Parties and Factual Background**

7. Plaintiff, L-3, is a leading provider of Intelligence, Surveillance and Reconnaissance (ISR) systems, secure communications systems, aircraft modernization, training and government services. The company is a leading merchant supplier of a broad array of high technology products, including guidance and navigation, sensors, scanners, fuzes, data links, propulsion systems, simulators, avionics, electro optics, satellite communications, electrical power equipment, encryption, signal intelligence, antennas and microwave components.

8. Defendant is the United States Department of the Interior, acting through GovWorks and on behalf of the United States Department of the Air Force ("Air Force").

**The Initial Procurement Under RFP 1406-04-06-RP-60246**

9. L-3 was successful in performing as the prime contractor on the task order for the development of the first JTAC VT Dome. L-3 previously was contacted by the Air Force and Dynamic Animation Systems Inc. ("DAS") to be a team member to perform under a contract concerning Joint Terminal Attack Control Virtual Trainer and The Rehearsal Enabling Simulation Technology Program.

10. L-3 as a result of this task order and in conjunction with the Air Force developed the first JTAC VT Dome.

11. The result of L-3's efforts with respect to the first JTAC VT Dome program has been considerable and the Air Force is a highly satisfied customer.

12. On December 12, 2005, GovWorks, on behalf of the Air Force, issued RFP Number 1406-04-06-RP-60246 for the procurement of a second exemplar JTAC Virtual

Trainer ("VT") Dome, as well as a prototype and/or enhanced interim training capability for the JTAC TRS Deployable/Garrison System, 2nd Generation JTAC training and rehearsal simulation environment. The contract was a hybrid Firm Fixed Price/Time and Materials contract.

13. Initially, proposals were due on January 6, 2006, but GovWorks extended the due date to January 23, 2006.

14. The RFP stated that the resultant contract would have a base period that would run from the time of award and end one year later, including four (4) one-year renewable options. Under the RFP, proposals were to be evaluated with respect to (1) the offeror's Technical Proposal, which included: (A) Management Approach and Technical Capabilities; (B) Personnel Qualifications; and (C) Organizational Experience; (2) Past Performance Proposal; and, (3) Price Proposal. Though the RFP did not state the order of importance of the Technical or Past Performance Proposal, it did state that the "Technical evaluation factors are more important than price."

15. Though the RFP did not state the order of importance of the Technical or Past Performance Proposal, it did state that the "Technical evaluation factors are more important than price."

16. On December 28, 2005, GovWorks issued an Amendment 001 to the RFP. This amendment extended the closing date of the RFP until January 23, 2006 and incorporated a revised pricing schedule and questions and answers into the RFP. Based on the amended RFP, offerors were to submit their pricing based on CLINS.

17. Each CLIN cited a section of the Statement of Work ("SOW"), which listed certain deliverables that the Air Force expected the contractor to provide.

18. CLIN 0001 was the firm-fixed-price portion of the RFP. While CLINS 0002-0005 represented the time and material portion of the contract CLIN 0006 represented the allocated travel expense for the resultant contract.

19. On or about January 17, 2006, GovWorks issued Amendment 002. Amendment 2 incorporated questions and answers into the RFP, provided the applicable NAICS code, provided Appendix C, which was inadvertently excluded from the RFP, and the notice for the January 18, 2006, site visit.

20. Attachment 3 of the RFP, Design Specifications, was created by L-3 under Task Order 36 of the first generation Dome contract.

21. Paragraph 4.3 of the SOW, CLIN 0002 demonstrates that GovWorks wanted offerors to include the cost of materials in its proposal, when compared to Paragraph 4.2 of the SOW, CLIN 0001. Paragraph 4.2 states that for the Dome the awardee would be required to

> Deliver a replica JTAC TRS Dome environment hardware and software that provides an immersive environment for training and performance measurements of JTAC competencies.

22. On January 23, 2006, L-3 timely submitted its initial proposal to, among other things, deliver a replica JTAC VT having the same configuration as the current Air Force Research Laboratory, Human Effectiveness Directorate, Warfighter Readiness Division ("AFRL/HEA") JTAC VT system. L-3 is the original manufacturer of the existing JTAC VT,

located at the Mesa Research Site ("MRS") in Mesa, Arizona, and has direct access to the tooling and personnel that were utilized in its construction.

23. On or about March 22, 2006, L-3 was notified by a letter from GovWorks that an award would be made to Lockheed Martin.

24. On March 22, 2006, L-3, by letter, requested a post-award debriefing. The debriefing commenced by letter dated April 4, 2006, and continued through April 10, 2006.

25. On April 14, 2006, L-3 filed an Agency level protest with GovWorks, which GovWorks denied in its entirety on May 22, 2006.

26. Eight days after receipt of GovWorks' decision, L-3 filed a protest at the United States Court of Federal Claims. During the course of this protest, GovWorks determined that it had made errors in its evaluation of the Lockheed Martin and L-3 proposals and decided to take corrective action. As part of the corrective action, on June 11, 2006, GovWorks terminated, for convenience, its contract with Lockheed Martin.

**Procurement Under Revised Statement of Work**

27. On June 15, 2006, GovWorks issued a revised Statement of Work. *See* Memorandum of Points and Authorities, Attachment A, Ex. 3. The revised SOW sought an "[Air Ground Operations School ("AGOS")] Dome with the hardware and software capability that will meet or exceed the hardware and software capabilities of Mesa Research Site's (MRS) JTAC TRS . . . , as opposed to a replica of the JTAC Virtual Trainer Dome as required by the original RFP. Memorandum of Points and Authorities, Attachment A, Ex. 3, Revised Statement

of Work ("SOW"), June 13, 2006, ¶ 3.2; Memorandum of Points and Authorities, Attachment A, Ex. 4, Statement of Work, September 29, 2005, ¶ 3.2.

28. Under the revised RFP, proposals were to be evaluated with respect to (1) the offeror's Technical Proposal, which included: (A) Management Approach and Technical Capabilities; (B) Personnel Qualifications; and (C) Organizational Experience, (2) Past Performance Proposal, and (3) Price Proposal. *See* Memorandum of Points and Authorities, Attachment A, Ex. 1. at 4. The RFP stated that "[t]he technical factors are more important than past performance and price. The past performance factor is more important than price. As such, the technical factors and past performance factor in combination are more important than price." *Id.* Further, GovWorks stated that it would make an award to the offeror who presented the best overall value to the Government.

29. The revised SOW also increased the scope of work required under CLIN 0004, Security. Under the updated SOW offerors were required to provide, upon the request of the Air Force, any security components provided under ¶¶ 3.7 and 4.7 in regard to the MRS, which does not have a security component.

30. Only two contractors submitted revised proposals in response to RFP 60246. L-3 submitted its revised proposal on July 19, 2006.

31. The proposed AGOS Dome offered by L-3 had [significant technological advances], which L-3 [had implemented pursuant to its contract with the Air Force concerning Warfighter Readiness Applied Research and Advance Technology Program 20/20 Advanced Technology Demonstrator] and *exceeded* the capabilities of the current JTAC VT Dome. L-3's proposal [was predicated on its ability to maintain its current staff.]

32. On October 6, 2006, GovWorks, via email, provided L-3 with notice that award was made to Lockheed Martin. Memorandum of Points and Authorities, Attachment A, Ex. 5.

**Debriefing**

33. On October 6, 2006, L-3 was provided with a written debriefing ("Debrief Letter"), Memorandum of Points and Authorities, Attachment A, Ex. 6, though no debriefing had yet been requested. L-3 submitted follow up questions, via email, requesting information required to be released under FAR 15.506 (d)(2), in response to its written debriefing. GovWorks responded to these questions on October 12, 2006.

34. The debriefing indicated that L-3 had submitted the lowest-priced offer.

35. The debriefing also noted several alleged weaknesses and deficiencies in L-3's proposed system despite the fact that L-3's proposed system satisfied the requirements of the RFP that the system "meet or exceed the hardware and software capabilities of Mesa Research Site's (MRS) JTAC TRS.

36. Although the debriefing stated that L-3's proposal "offered the Government an immediate cost savings" GovWorks penalized L-3 because it had not yet conducted "a life cycle cost versus performance . . . trade-off analysis . . . to identify the potential impact" of L-3's proposed system on the entire program. Memorandum of Points and Authorities, Attachment A, Ex. 6.

37. On October 16, 2006, L-3 filed a protest at GAO, *L-3 Communications Corporation*, B-299014, alleging that GovWorks failed to conduct a proper procurement because

it (1) failed to perform a proper evaluation of L-3's proposal, (2) evaluated L-3's proposal based on unstated evaluation criteria, (3) conducted an improper cost analysis, (4) failed to conduct a proper cost realism analysis and (5) failed to conduct a proper cost technical tradeoff analysis. Memorandum of Points and Authorities, Attachment A.

38. Upon filing the protest, performance of the contract was stayed in accordance with 31 U.S.C. § 3553(d)(3)(A).

39. On October 20, 2006, Lockheed Martin intervened in the protest.

40. On October 26, 2006, Lockheed Martin filed an "Objections/Motion to Strike Document Production Requests." L-3 filed a reply to Lockheed Martin's Objections/Motion to Strike on October 27, 2006.

41. In response, GAO stated that it expects the agency to produce documents that show the agency's evaluation results and which support the agency's documented source selection, such as a summary report or other documents, but that it need not yet produce the awardee's proposal or the agency's evaluation documentation of the awardee's proposal. *See* Memorandum of Points and Authorities, Attachment C. However, GAO also indicated that "if the documents produced by the agency, such as an evaluation report and source selection decision, were not detailed enough to allow for review of the agency's costs/technical tradeoff determination, [GAO] may require the production of additional evaluation documents." *Id.*

42. The Agency Report is due on November 15, 2006. GAO's decision is due January 24, 2007.

**Agency Decision to Override Automatic Stay**

43. On November 1, 2006, GovWorks issued a Determination and Findings ("D&F") To Support Continued Contract Performance Notwithstanding a Protest to GAO, in which GovWorks decided "in accordance with FAR 33.104(c)(2)(i)," to override the mandatory stay because "continuing contract performance will be in the best interest of the United States and does not permit waiting the 100 days for a GAO decision." *See* Memorandum of Points and Authorities, Attachment D.

44. The D&F provides that continuing contract performance is in the best interest of the United States because "there is an urgent and compelling need to deliver the JTAC VT Dome to AGOS and complete development of exemplar deployable JTAC TRS in support of the War on Terrorism." *Id.* at 3.

45. The D&F indicates that two main efforts of the contract are critical to the JTAC Warfighter -- "the delivery of a JTAC VT Dome identical to the exemplar developed at the Air Force Research Labs (AFRL) Mesa Research Site (MRS) and development and delivery of an exemplar garrison/deployable version of the JTAC VT Dome." *Id.* at 2.

46. The D&F states that the contract at issue has already been negatively impacted by delays already incurred, and that any further delay will put the JTAC Warfighter at continued risk because the goals of the contract can only be satisfied by performance of the contract.

47. The D&F also indicates that the Warfighter training program will be harmed by delay because AGOS has closed one of its four JTAC training classrooms in anticipation of the new AGOS Dome

48. The D&F does not consider any alternative solutions. In addition, the D&F does not address any costs the Government will/may incur in the event that L-3 is successful in its protest.

**COUNT I**
**GovWorks' Failed to Consider Whether Reasonable Alternatives to Overriding the Stay Exist**

49. L-3 realleges and incorporates herein the allegations contained within paragraphs 1- 48 as set forth above.

50. In its D&F to override the mandatory CICA stay GovWorks failed to discuss whether any alternatives existed to overriding the stay, such as moving the MRS JTAC VT Dome to Nellis Air Force Base.

51. GovWorks' failure to consider any reasonable alternatives to issuing an override of the mandatory stay renders its decision arbitrary and capricious and *per se* unreasonable, and contrary to applicable statute and regulation.

52. L-3 has been directly harmed by GovWorks' improper actions as it will have no remedy available to it at GAO that will adequately address the harm caused by GovWorks' improper award decision in the instant procurement.

53. Accordingly, the Court should issue injunctive relief preventing Lockheed Martin from commencing with or continuing performance under the instant contract until the GAO issues its decision on the merits of L-3's protest and/or grant declaratory relief reinstating the mandatory stay.

**COUNT II**
**GovWorks' Failed to Conduct a Cost-Benefit Analysis with Regard to Overriding the Stay**

54. L-3 realleges and incorporates herein the allegations contained within paragraphs 1- 53 as set forth above.

55. GovWorks failed to (1) articulate the risks to GovWorks should GAO sustain the protest and (2) demonstrate that it considered the costs of terminating Lockheed Martin's contract and potentially retransitioning the work to L-3.

56. GovWorks' also failed to consider any other costs and benefits associated with the override or alternatives to the override.

57. In light of these failures GovWorks' decision to override the mandatory stay is arbitrary and capricious and *per se* unreasonable, and contrary to applicable statute and regulation.

58. L-3 has been directly harmed by GovWorks' improper actions as it will have no adequate remedy available to it at GAO that will address the harm caused by GovWorks' improper award decision in the instant procurement.

59. Accordingly, the Court should issue injunctive relief preventing Lockheed Martin from commencing with or continuing performance under the instant contract until the GAO issues its decision on the merits of L-3's protest and/or grant declaratory relief reinstating the mandatory stay.

**COUNT III**
**The Basis for GovWorks' Decision is Not Supported by the Facts of the Procurement**

60. L-3 realleges and incorporates herein the allegations contained within paragraphs 1-59 as set forth above.

61. GovWorks in its D&F to override the mandatory CICA stay relied on information that ran counter to the evidence before it.

62. In the D&F, GovWorks stated that one of the reasons that the Government must override the mandatory stay is to prevent further delays of the development of the exemplar deployable JTAC VT Dome as well as deliver a proof of concept of the deployable Dome.

63. At the time the D&F was drafted, GovWorks did not know whether a deployable Dome was feasible and whether the option to build a proof of concept would be exercised.

64. GovWorks' reliance, in the D&F, on this misstatement of a foundational fact, which in part provides the basis for its override decision, renders GovWorks' decision arbitrary and capricious and *per se* unreasonable, and contrary to applicable statute and regulation.

65. L-3 has been directly harmed by GovWorks' improper actions as it will have no remedy available to it at GAO that will adequately address the harm caused by GovWorks' improper award decision in the instant procurement.

66. Accordingly, the Court should issue injunctive relief preventing Lockheed Martin from commencing with or continuing performance under the instant contract until the GAO issues its decision on the merits of L-3's protest and/or grant declaratory relief reinstating the mandatory stay.

WHEREFORE, L-3 prays this Court enter judgment in its favor and against GovWorks as follows:

a. Enjoining GovWorks from permitting Lockheed Martin to commence with or continue performance under the contract until the GAO issues its decision on

the merits of L-3's protest and/or declare GovWorks' override decision invalid thus reinstating the mandatory CICA stay;

b. Granting L-3 its costs in this action, including reasonable attorneys' fees; and

c. Granting such further relief as the Court may deem just and proper.

Respectfully submitted,

Michael A. Hordell
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W., Suite 500
Washington, DC 20005-2004
Telephone: (202) 220-1200
Facsimile: (202) 220-1665
L-3 Communications Corporation
Link Simulation & Training Division

Of Counsel:
Charles H. Carpenter
Sean P. Bamford
Heather Kilgore Weiner

Dated: November 13, 2006