ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

FILED
NOV 13 2006
U.S. COURT OF FEDERAL CLAIMS

L-3 COMMUNICATIONS CORP.,

Plaintiff,

v.

UNITED STATES,

Defendant.

No. 06-762 C
Judge:

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Appendix C of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff L-3 Communications Corporation, Link Simulation & Training Division ("L-3") respectfully requests that this Court enter the accompanying proposed Protective Order in this case.

In support of this motion, counsel for L-3 states that some of the documents and other material that may be produced, cited and quoted by the parties to the Court in connection with this matter will contain sensitive proprietary or otherwise confidential information. Counsel for L-3 has advised counsel for the Defendant of its intent to seek a protective order in this matter.

On October 18, 2006, the Government Accountability Office ("GAO") issued a Protective Order in connection with *L-3 Communications Corp.*, B-299014. On November 10, 2006, GAO issued a Notice of Limited Leave to Release Protected Information to a Federal Court in anticipation of L-3 filing a suit in the U.S. Court of Federal Claims. Specifically, GAO modified the Protective Order as follows:

> 1. Protected information obtained pursuant to GAO's protective order must be filed under Seal with the court, and the protester must request that the court issue a protective order to cover the information currently under the GAO protective order. Counsel for the protester remains responsible for any release of information, inadvertent or otherwise, that may occur prior to the court issuing a protective order covering all the currently protected information.
>
> 2. Use of information protected under the GAO protective order will be governed by the protective order issued by the court. The protester must provide a copy of the court's protective order to GAO upon issuance.

*See* Attached GAO Notice.

For these reasons, L-3 respectfully requests that this Motion for Protective Order be granted.

Respectfully Submitted,

[signature]

Michael A. Hordell
PEPPER HAMILTON LLP
600 14th Street, N.W., Suite 500
Washington, DC 20005-2004
Telephone: (202) 220-1200
Facsimile: (202) 220-1665
Attorney for L-3 Communications Corporation
Link Simulation & Training Division

Of Counsel
Charles H. Carpenter
Sean P. Bamford
Heather Kilgore Weiner
PEPPER HAMILTON LLP

Dated: November 13, 2006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| L-3 COMMUNICATIONS CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| | ) | Judge: |
| UNITED STATES, | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

The court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be competition sensitive (e.g., source selection information), proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. "Protected information" as used herein means:

(a) information, the protection of which is necessary to safeguard the competition process, including source selection information, and proprietary or confidential information contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party (see paragraph 3); and

(b) information, the protection of which is necessary to safeguard the competitive process, including source selection information, and any proprietary or confidential information contained in any deposition, testimony, or affidavit taken or provided during this litigation that is designated as protected by a party (see paragraph 3).

2. Protected information shall be used by private parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 2(c) and (d), the only persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under

Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court. Such person shall not be given access unless and until the court authorizes such access.

(c) Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d)Court, procuring agency, and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

3. Protected information of any kind may be provided only to the court and to individuals authorized by this Protective Order and must be in a sealed parcel with the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to Be Disclosed Only in Accordance With**
**U.S. Court of Federal Claims Protective Order**

The party claiming protection must identify the specific portion of the information for which it is claiming protection.

(b)Any courtesy copies of protected information that are filed with the court for use by the judge should be marked as such.

(c) The court will maintain properly marked protected pleadings or information under seal.

4. A party that files a pleading in accordance with paragraph 3 above shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page.

(a) Within two business days after receipt of the proposed redacted copy, the other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy—May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the court or of any document produced or generated in discovery, whether or not filed with the court, and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the court for resolution. Until the court resolves this matter, the disputed information shall be treated as protected.

6. Without the consent of the other parties, no private party may make more than three (3) copies of any document containing protected information received from another party. Private parties may make additional copies for filing with the court, service on the parties, or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 3 of this Protective Order.

7. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

8. Upon conclusion of the action (including any and all appeals and remands), the original version of the administrative record and any other ancillary materials that have been filed with the court under seal shall be retained by the court pursuant to RCFC 77.3(d). Copies of such materials filed with the court other than the original version may be returned by the court to the filing parties for disposition in accord with the following paragraphs of this Protective Order.

9. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

10. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

11. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court that sets forth the basis for the relief sought.

12. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

13. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party(ies). Upon discovery of any breach, plaintiff's, defendant's, or intervenor's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

______________________________

Judge

GAO
Accountability * Integrity * Reliability

United States Government Accountability Office
Washington, DC 20548

# Facsimile Transmission Sheet

**Date:** November 10, 2006

Number of pages, including this cover sheet: 3

If transmission problems occur, please call 202-512-8234.
Our fax number is 202-512-9749.

**Re:** B-299014
Protest of L-3 Communications Corporation

**From:** Guy Pietrovito, Deputy Assistant General Counsel

| Name | Firm/Agency | Phone | Fax |
|---|---|---|---|
| Michael Hordell | Pepper Hamilton | 202-220-1232 | 202-220-1665 |
| Sherry Kaswell | Interior | 202-208-6201 | 202-219-1790 |
| Michael Mason | Hogan & Hartson | 202-637-5499 | 202-637-5910 |

**Comments:** Pursuant to the protester's request, I am transmitting a Notice of Limited Leave to Release Protected Information to a Federal Court.

To confirm my telephone calls this week with respect to the parties' document production dispute: what I indicated was that it did not appear that the protester was challenging the evaluation of Lockheed Martin Aspen Services, Incorporated's proposal, and therefore it did not appear that the awardee's proposal or the agency's evaluation documentation of the awardee's proposal was relevant. I also indicated, however, that, because the protester was challenging the agency's cost/technical tradeoff judgment, I expected the agency to produce document(s) (such as a summary report or other documents) that show the agency's evaluation results and which support the agency's documented source selection decision. I also indicated that if the documents produced by the agency, such as an evaluation report and source selection decision, were not detailed enough to allow for review of the agency's costs/technical tradeoff determination, I may require the production of additional evaluation documents.

GAO
Accountability • Integrity • Reliability

United States Government Accountability Office
Washington, DC 20548

November 10, 2006

Michael A. Hordell, Esq.
Pepper Hamilton LLP
Counsel for the Protester

Sherry K. Kaswell, Esq.
Department of the Interior
Counsel for the Agency

Michael F. Mason, Esq.
Hogan & Hartson LLP
Counsel for the Intervenor

| | |
|---|---|
| **File:** | B-299014 |
| **Protester:** | L-3 Communications Corporation |
| **Agency:** | Department of the Interior |

**NOTICE OF LIMITED LEAVE TO RELEASE PROTECTED INFORMATION TO A FEDERAL COURT**

This notice modifies the terms of the Government Accountability Office protective order issued October 18, 2006, in connection with the above-referenced protest. The protective order is modified as follows to allow counsel for L-3 Communications Corporation to use protected material in a suit the protester intends to file in the United States Court of Federal Claims.

1. Protected information obtained pursuant to GAO's protective order must be filed under Seal with the court, and the protester must request that the court issue a protective order to cover the information currently under the GAO protective order. Counsel for the protester remains responsible for any release of information, inadvertent or otherwise, that may occur prior to the court issuing a protective order covering all the currently protected information.

2. Use of information protected under the GAO protective order will be governed by the protective order issued by the court. The protester must provide a copy of the court's protective order to GAO upon issuance.

All terms of the GAO protective order not otherwise modified by this notice remain in effect.

Guy R. Pietrovito
Deputy Assistant General Counsel

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| L-3 COMMUNICATIONS CORP., Plaintiff, v. UNITED STATES, Defendant. | ) | No. ________<br>Judge: ________ |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on November 13, 2006, true copies of the following documents were served by hand-delivery, upon Lauren A. Moore, Trial Attorney, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, 1100 L Street, N.W., Room 10108, Washington, D.C. 20530; and by hand-delivery, upon Kathleen Engel, Contracting Officer, United States Department of the Interior, c/o Sherry K. Kaswell, Department of the Interior, Division of General Law, 1849 C Street, N.W., Room 7327, Washington, D.C. 20240:

1. Complaint for Declaratory Judgment, Temporary Restraining Order, Preliminary and Permanent Injunctive Relief (Non-redacted and Redacted);

2. Plaintiff's Application for Temporary Restraining Order and proposed Order;

3. Plaintiff's Motion for Preliminary Injunction and proposed Order;

4. Memorandum of Points and Authorities in Support of Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction (Non-redacted and Redacted);

5. Plaintiff's Motion for Leave to File Under Seal;

6. Motion for Protective Order and proposed Protective Order; and,

7. Plaintiff's Rule 7.1 Corporate Disclosure Statement.

Respectfully submitted,

Michael A. Hordell
PEPPER HAMILTON LLP
600 14th Street, N.W., Suite 500
Washington, DC 20005-2004
Telephone: (202) 220-1200
Facsimile: (202) 220-1665
Counsel for L-3 Communications Corporation, Link Simulation & Training Division

Dated: November 13, 2006