# In The United States Court of Federal Claims

| | |
|---|---|
| L-3 COMMUNICATIONS CORP.,<br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES<br>*Defendant.* | No. 06-762C<br><br>Judge Christine O.C. Miller |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

Pursuant to Rules 24(a) and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Lockheed Martin Services, Incorporated ("Lockheed Martin"), through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Intervene in the above-captioned case. As set forth below, Lockheed Martin is entitled to intervene as a matter of right under RCFC 24(a)(2).

## STATEMENT OF FACTS

Defendant, United States Department of the Interior, GovWorks ("GovWorks"), issued Request for Proposals No. 1406-04-06-RP-06246 (the "RFP") for engineering and design support services related to the Joint Terminal Attack Controller Training and Rehearsal System (JTAC TRS). On or about October 6, 2006, GovWorks awarded Lockheed Martin the contract under the RFP. On October 16, 2006, L-3 Communications Corporation ("L-3") protested that award at the Government Accountability Office ("GAO"), triggering the automatic stay of contract performance in accordance with the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553(d)(3)(A). Lockheed Martin requested GAO's permission to intervene on

October 20, 2006. L-3 did not oppose Lockheed Martin's request to intervene, and intervention was granted on October 23, 2006. On November 1, 2006, GovWorks issued a Determination and Findings ("D&F") that justified overriding the CICA stay and allowing Lockheed Martin to continue performing the JTAC TRS contract during the pendency of the GAO protest. In this action, filed November 13, 2006, Plaintiff L-3 challenges the Government's D&F justifying the override decision and seeks injunctive relief that would enjoin Lockheed Martin from performing the contract.

## ARGUMENT

Lockheed Martin is entitled to intervene in this case as a matter of right under RCFC 24(a), which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Federal Circuit has stated that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc.*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 257 (2005). RCFC 24(a) requires the moving party to demonstrate (1) that it has an interest in the action, (2) that the ability to protect that interest may be impaired by the disposition of the Court, and (3) that the interest is not adequately protected by the existing parties. *Am. Renovation and Costr. Co.*, 65 Fed. Cl. at 257. This Court has routinely granted motions to intervene by awardees in post-award bid protests. *See e.g.*, *RISC Mgmt. Joint Venture v. United States*, 69 Fed. Cl. 624, 626 n.2 (2006); *Ryder*

*Move Mgmt., Inc. v. United States*, 48 Fed. Cl. 380, 382 (2001); *The Ryan Co. v. United States*, 43 Fed. Cl. 646, 650 (1999); *GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 777 (1997). Similarly, the Court has allowed the awardee to intervene when, as here, the plaintiff challenges the agency's override decision and seeks an injunction that would prevent the awardee from performing the contract. *See Advanced Sys. Development, Inc. v. United States*, 72 Fed. Cl. 25, 28 (2006); *Alion Sci. and Tech. Corp. v. United States*, 69 Fed. Cl. 14, 17 (2005).

Lockheed Martin's motion is timely, as the complaint was filed on November 13, 2006. Lockheed Martin also satisfies the other requirements of RCFC 24(a)(2). As the awardee of the contract alleged to have been improperly awarded and the contractor performing the contract in accordance with the D&F, Lockheed Martin has a direct, substantial, and "legally protectable interest" in the procurement. *See, e.g. Am. Mar. Transp., Inc.*, 870 F.2d at 1561. Additionally, because L-3 is seeking to enjoin Lockheed Martin's performance of the contract, "the disposition of the action may as a practical matter impair" Lockheed Martin's interest in performing its contract. *See* RCFC 24(a)(2). Finally, Lockheed Martin's interests are not adequately protected by the United States. RCFC 24(a)(2). As the procuring agency, GovWorks owes an equal duty to all offerors. Its interests are broader than, and potentially distinct from, Lockheed Martin's interest in protecting its right to perform the contract.

In addition, Lockheed Martin has a significant interest in protecting its trade secrets and proprietary information that may become part of the record in this proceeding. *Northrop Grumman Info. Tech., Inc. v. United States*, __ Fed. Cl. ___, 2006 WL 3231359 (Fed. Cl. 2006). Absent intervention, Lockheed Martin is unable to adequately protect its proprietary information and its business reputation, and this interest is not adequately protected by the United States. *Id.*

**CONCLUSION**

For the reasons set forth above, Lockheed Martin's Motion to Intervene should be granted.

Respectfully Submitted,

/s/___________________
Michael F. Mason
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
202-637-5499
202-637-5910 (fax)
MFMason@HHLaw.com

Dated: November 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2006, a copy of the foregoing Motion to Intervene and Memorandum of Points and Authorities in Support of Motion to Intervene was filed electronically. Service in electronic cases is effected through the Court's electronic filing system.

/s/ ____________________
Michael F. Mason

# In The United States Court of Federal Claims

| | |
|---|---|
| L-3 COMMUNICATIONS CORP.,<br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES<br>*Defendant.* | No. 06-762C<br><br>Judge Christine O.C. Miller |

**ORDER**

Pursuant to Rules 24(a) and 7(b) of the Rules of the United States Court of Federal Claims, Lockheed Martin Services, Incorporated, as the successful offeror under the RFP at issue in the above-captioned case, has moved to intervene in this action. Having considered its Motion, as well as all other relevant materials, including the absence of opposition by Defendant, it is hereby

ORDERED that the Motion be and hereby is GRANTED.

______________________________

Dated: __________________